Todd, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Infant—Climbing on freight train—Obstruction of street—Act of March 20, 1845, P. L. 191.*

The obstruction of a street crossing by a railroad company in unnecessarily stopping its cars upon it is unlawful.

*Plaintiff's evidence—Province of court and jury.*

Where a plaintiff's case is made out by himself, although it is contradicted by one of his own witnesses and by all called by the defense, it is for the jury.

In an action by a boy ten years old against a railroad company to recover damages for personal injuries, the case is for the jury where the evidence for the plaintiff, although contradicted in several essential particulars by one of his own witnesses, and by the witnesses for the defendant, tends to show that the plaintiff with other boys approached a public crossing across which a train was standing; that plaintiff and one of his companions sat down on the curb, and, after waiting a while, plaintiff with the intention of getting across, climbed on a car, and while he was getting down, the train started, and he was thrown under the wheels of the car from which he was trying to alight and sustained most serious injuries; that before he got on the car he had no notice that the train was about to start; and where there was no evidence to show that the obstruction had not continued for an unreasonable time, and could not have been avoided by the exercise of proper care and diligence.

Argued Jan. 14, 1902. Appeal, No. 294, Jan. T., 1901, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., June T., 1900, No. 949, on verdict for defendant, in case of Robert T., Todd and William D. Todd, a minor, by Robert T. Todd, his father and next friend v. Philadelphia & Reading Railway Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass to recover damages for personal injuries to a boy ten years old. Before WILLSON, J.

The facts appear by the opinion of the Supreme Court.

At the trial the court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*J. M. Vanderslice*, with him *Clarence Vanderslice*, for appellants, cited: Rauch v. Lloyd, 31 Pa. 358; Kelly v. Penna. R. R. Co., 31 Pa. 372; Phila., etc., R. R. Co. v. Layer, 112 Pa. 418; Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233; Fisher v. Monongahela Con. Ry. Co., 131 Pa. 292; Penna. R. R. Co. v. Werner, 89 Pa. 59; Schum v. Penna. R. R. Co., 107 Pa. 8; Holland v. Kindregan, 155 Pa. 160; Philpott v. Penna. R. R. Co., 175 Pa. 570; Regan v. Penna. R. R. Co., 189 Pa. 572; Devlin v. Beacon Light Co., 198 Pa. 583; Bard v. Phila., etc., Ry. Co., 199 Pa. 94; Foote v. American Product Co., 195 Pa. 190.

*Gavin W. Hart*, for appellee.

OPINION BY MR. JUSTICE BROWN, February 24, 1902:

William D. Todd, the minor, who sues by his father, Robert T. Todd, alleges that he was injured while attempting to cross over a train of the defendant company, which, when he got on it, was standing still and obstructing the public crossing, and started, without any notice or warning before he got on it, that it was about to start. He testified, in May, 1901, that he was between eleven and twelve years of age, and that, in July of the preceding year, he, with some other boys, was on his way, on Germantown avenue, in the city of Philadelphia, to a swimming pool at Laurel and Beach streets. Germantown avenue runs in a northwesterly direction from Front street, and intersects Second street obliquely. When the boys reached the intersection of these two streets, they found, according to young Todd's testimony, the crossing at Second street obstructed by a train of the defendant; plaintiff and one of his companions sat down on the curb, and, after wait-

ing a while, he said he was going to get across; that he got on the car, and, when on it, it started; that, before he got on, he had no notice that the train was about to start; that, when he was getting down, he came in contact with a car standing on a siding, and was thrown under the wheels of the car from which he was trying to alight, and sustained most serious injuries. The track of the railroad company does not cross Second street, but, at the intersection of the avenue and street, extends from the former up the latter. The obstruction was, as stated by the injured boy, not only over the Second street crossing, but extended up the street. He says there were more than three cars behind the car over which he crossed. There was other testimony that the end of the train was on Second street, north of Germantown avenue, and that the crossing of the street was completely obstructed.

The obstruction of a street crossing by a railroad company, in unnecessarily stopping its cars upon it, is unlawful. In plain terms, the act of March 20, 1845, declares the blocking up of a public crossing with locomotives or cars to be illegal, and prohibits it, under a penalty. The obstruction complained of in this case was prima facie evidence that the defendant was guilty of negligence, and, to establish its innocence, the burden was upon it to satisfy a jury that the obstruction had not continued for an unreasonable time, and could not have been avoided by the exercise of proper care and diligence. In other words, the burden was upon the company to prove that, under all the circumstances, there had not been an absence of care on its part. No such proof was offered; if any had been presented, the sufficiency of it would have been for the jury.

No reason, it is to be regretted, was given by the learned judge below for taking the case from the jury. Under Rauch v. Lloyd & Hill, 31 Pa. 358, Kelly v. Pennsylvania Railroad Co., 31 Pa. 372, and Layer v. Phila. etc., Railroad Company, 112 Pa. 414, no matter what has been held in other states, with us, the case was clearly for the jury's determination. The two reasons urged here why the instruction to find for the defendant was proper are, first, "the tail end of the train was at the crossing," and the boy could readily have passed around it, and, second, "plaintiff could have continued along the sidewalk

where he was walking, and would not have been injured." If these were the grounds relied upon in the court below, they were untenable. While one of the witnesses called for the plaintiff testified that the last car was at the crossing, the plaintiff himself stated that there were more than three cars behind the car over which he crossed; and David Strain, called by the defendant, in his examination in chief, testified that four or five cars passed over the boy. Other witnesses called by the defendant testified that the train extended up Second street. This testimony sufficiently disposes of appellee's first reason for sustaining the judgment; and nothing more need be said as to the second than that it asks for the enforcement of a rule which might be applied if an adult person, and not a boy of ten years of age, was seeking to recover. It was for the jury, and not for the court, to determine whether this boy ought to have avoided the accident by doing what appellee, in this second reason, insists he ought to have done.

It is true the boy was contradicted by his own witness, Joseph Froelich, as to how he was injured. According to the testimony of that witness, he had safely crossed over the cars, and, after he was down on the street, he jumped on the moving train, and, when about to alight, was struck in the head by the box car and thrown under the wheels. Testimony offered by the defendant was to the same effect; but plaintiff's case, as made out by himself, though contradicted by one of his own witnesses and by all called by the defense, was for the jury: Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233 ; Bard v. Phila., etc., Railway Co., 199 Pa. 94.

Judgment reversed and venire facias de novo awarded.