## Cella et al., Appellants, *v.* Pennsylvania Railroad Company.

Argued November 17, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Joseph G. Feldman,* with him *John Swartz,* for appellants.

*Theodore Voorhees,* with him *F. Hastings Griffin, Jr.* and *Barnes, Dechert, Price & Myers,* for appellee.

OPINION BY MR. JUSTICE PATTERSON:

Leno Cella and Guiseppe Ambrosi instituted this trespass action as co-plaintiffs[1] for damages allegedly sustained when a pick-up truck owned and operated by Cella, in which Ambrosi was riding as a passenger, was driven into a freight car standing on the tracks of the Pennsylvania Railroad Company, appellee, laid in the bed of Delaware Avenue, in the City of Philadelphia. Ambrosi claimed damages for personal injuries and Cella sought to recover for damages to the truck and for personal injuries, alleging that the Railroad Company was negligent "in that there was no person or persons controlling said car at the time" and "in that said cars had no lights upon them." At the close of the evidence on liability, the trial judge entered a compulsory nonsuit as to both Cella and Ambrosi on the ground that there was no proof of negligence. The court en banc refused to remove the nonsuit and these appeals followed.

The accident occurred at about 9:00 P. M. on November 11, 1946. Appellants, in Cella's truck, were proceeding southward on Delaware Avenue, in the railroad tracks of appellee, traveling 75 to 100 feet behind a

[1] Pa. R. C. P. 2229(a).

tractor-trailer unit, at a speed of 18 to 20 miles per hour. Near the intersection of Delaware Avenue and Poplar Street the tractor-trailer unit swerved to the right, apparently to avoid collision with appellee's freight car standing on its tracks a distance of 60 to 75 feet away. The truck, however, continued in the tracks and was driven into the end of the freight car, resulting in damage to the truck and injury to its occupants. Cella did not see the freight car standing on the tracks ahead of him until he was only 10 feet from it, and he then tried to put on the brakes, but it was too late to avoid the collision. From the moment the tractor-trailer swerved to the right until he saw the freight car only 10 feet away, Cella was, according to his testimony, blinded by the lights of an automobile that was proceeding along Delaware Avenue in the opposite direction. He did not notice the street lights along Delaware Avenue and did not remember whether they were lighted. Ambrosi testified that he could not see the street lights because it was raining at the time.

In *Wink v. Western Md. Rwy. Co.*, 116 Pa. Superior Ct. 374, 176 A. 760, an automobile ran into the 39th and 40th cars of a freight train passing over a railroad crossing on a foggy night. The driver did not see the train until he was within 20 or 30 feet of it, too late to avoid a collision. The jury awarded a verdict for plaintiffs and the trial court entered judgment *non obstante veredicto* for defendant. On appeal, the Superior Court affirmed, stating (pp. 378, 379) : "Warning signs and signals are provided by railroad companies to warn of the approach of a train to a crossing and not that the crossing is already occupied. *The cars themselves on the track are sufficient warning to a driver of a car of that fact.* . . . if, as here, the train is actually on the crossing when the driver arrives. . . . no other signals or warnings are necessary in the absence of a statute.

There is none in this Commonwealth imposing such a duty on railroads." (Italics supplied.) This decision was approved and followed in *Everetts v. Penna. R. R. Co.*, 330 Pa. 321, 198 A. 796, where it was held that although the crossing was dangerous in some respects, since the undisputed evidence proved that it was occupied by the train when the lights of the automobile first brought it into view, there was no evidence of negligence, and therefore judgment *non obstante veredicto* was properly entered for the defendant railroad company.

Whether the freight car was moving or at a standstill is immaterial on the issue of negligence. See *Rapp v. Central R. R. of Pa.*, 269 Pa. 266, 268-269, 112 A. 440. The reason for the rule is that common experience dictates that an object as large as a freight car is, of itself, sufficient notice of its presence to warn any person using the highway with ordinary care. Accordingly, the great weight of authority supports the view that in the absence of a special statute, a railroad company cannot ordinarily be found negligent because it failed to station guards or light the car, or otherwise give warning of its presence in the highway.[2] See Annotations, 15 ALR 901, 56 ALR 1114, 99 ALR 1454, 161 ALR 111. Nor is the situation materially altered by reason of the fact that in this case the freight car was standing longitudinally in the highway rather than across it. While no Pennsylvania case is cited involving the precise question of liability for injuries sustained as a result of a head-on collision between an automobile and a freight car so occupying a highway or street, the

---

[2] By definition railroad cars are excluded from the requirement of section 801(i) of The Vehicle Code of 1929, P. L. 905, 75 PS 351, that parked vehicles be lighted at night. The definition of "vehicle", in section 102, 75 PS 2, specifically excepts "devices . . . used exclusively upon stationary rails or tracks."

duty of railroad companies to give warning of the presence of freight cars on highways and streets was considered in *Pennsylvania R. R. Co. v. Driscoll et al.,* 336 Pa. 310, 9 A. 2d 621, where this Court quoted with approval from the opinion of the court below, as follows (p. 332) : ". . . railroads are under no legal duty to provide warning or protection to highway users at grade crossings *or on streets or highways* where an engine or a draft of cars is on the crossing *or street or highway* and is visible to such highway users, the presence of the engine or draft on the crossing *or street* being sufficient warning to them of the dangers incident thereto." (Italics supplied.) Although it is true that in cases where the freight car is standing longitudinally in the highway a relatively smaller surface of the car is exposed to view, it is also true that in such cases an additional warning is afforded by the presence of the railroad track along which the vehicle is proceeding. The visible railroad track is itself a warning and adequate notice of the possibility of danger from a train or cars standing thereon: 161 ALR 111, 128, citing *Harper v. Northwestern P. R. Co.,* 34 Cal. App. 2d 451, 93 P. 2d 821.

It is argued by appellee that even if there were a duty to provide lights or guards, or both, to warn motorists upon the highway of a standing freight car, the testimony of Cella, the driver, convicts him of contributory negligence as a matter of law, and further, that the absence of such additional warnings in this case could not be considered a contributing cause of the harm, since appellants' own evidence discloses that Cella's vision was continuously obstructed by the trailer unit ahead until it turned out to avoid running against the freight car, and thereafter until it was too late to avoid the collision, by the blinding lights of a vehicle traveling in the opposite direction, so that it is obvious

that the collision would have occurred whether or not lights and guards had been provided. These contentions need not be considered, however, in view of our conclusion that the charge of negligence was not established.

Judgment affirmed.

PER CURIAM, January 16, 1950:

The foregoing opinion was prepared by the late Justice PATTERSON before his death on January 6, 1950. It is now adopted and filed as the opinion of the Court.

Mr. Justice HORACE STERN and Mr. Justice JONES dissent.