Coleman, Appellant, *v.* Dahl.

Argued October 1, 1952. Before STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

reargument refused December 11, 1952.

*Harold R. Schmidt,* with him *Simon K. Uhl, Uhl & Uhl* and *Rose, Eichenaur & Rose,* for appellants.

*Clarence L. Shaver,* with him *Margiotti & Casey* and *Shaver & Heckman,* for appellee.

OPINION BY MR. JUSTICE JONES, November 25, 1952:

These two appeals, which were argued together, grow out of separate actions for the death of the plaintiffs' respective husbands in a collision between an automobile in which they were passengers and a locomotive of the defendant railroad company. The personal representative of the deceased owner and driver of the automobile was also joined as a defendant. By agree-

ment of counsel and with the approval of the court, the cases were tried together, the trials resulting in separate money verdicts for the plaintiffs against both defendants. On motions of the defendant railroad company for a new trial and for judgments n.o.v., the learned court below denied the motion for new trial but entered judgments n.o.v. Similar motions by the defendant administrator were refused and judgments against him on the verdicts were ordered to be entered upon payment of the verdict fees. The defendant administrator has not appealed and all that is presently before us for review is the entry of the judgments n.o.v. for the railroad company. The evidence is necessarily to be viewed in the light most favorable to the jury's verdicts for the plaintiffs.

At 4:15 A.M., E.S.T., on July 28, 1949, when an automobile containing George M. Pletcher, the owner and driver, and the plaintiffs' decedents, Richard J. Coleman and Ernest Stauffer, was proceeding northwardly on State Highway Route 53 between Somerset and Stoystown, the automobile suddenly ran into a locomotive and tender of the defendant railroad which was then standing motionless on a grade crossing over the highway. It was dark and foggy at the time of the accident and, due to the position of the locomotive athwart the highway, any rays from its headlight were beamed away from the highway substantially at right angles to the highway's longitudinal direction. All three occupants of the automobile were killed in the collision. As the jury's finding that Pletcher, the driver of the automobile, was guilty of negligence is unchallenged, none of the evidence pertaining to that question need be recited here.

The basic matter with which we are now concerned is whether there is sufficient testimony to support the jury's verdicts against the railroad company. That

inquiry resolves itself, in the circumstances, into two questions, viz., (1) was the defendant railroad company prima facie negligent in permitting its locomotive and tender to stand motionless blocking the highway and (2) is there evidence from which a court can say, as a matter of law, that the railroad company's negligence, if such it be, was not the proximate cause of the death of the plaintiffs' decedents.

By Act of March 20, 1845, P. L. 191, Sec. 1, 67 PS §452, it is unlawful for any railroad company to "block up" the passage of any crossings of public streets or roads with their locomotives or cars upon prescribed penalty. That a violation of the Act makes out a prima facie case of negligence on the part of an offending railroad company was directly confirmed in *Todd v. Philadelphia & Reading Railway Company*, 201 Pa. 558, 51 A. 332. As was there said (p. 560), "The obstruction of a street .crossing by a railroad company, in unnecessarily stopping its cars upon it, is unlawful. In plain terms, the act of March 20, 1845, declares the blocking up of a public crossing with locomotives or cars to be illegal, and prohibits it, under a penalty. The obstruction complained of in this case was prima facie evidence that the defendant [railroad company] was guilty of negligence, and, to establish its innocence, the burden was upon it to satisfy a jury that the obstruction had not continued for an unreasonable time, and could not have been avoided by the exercise of proper care and diligence. In other words, the burden was upon the company to prove that, under all the circumstances, there had not been an absence .of care on its part. No such proof was offered; if. any had been presented, the sufficiency of it would have been for the jury." ·

In the instant case, the evidence establishes that the locomotive was standing motionless upon the cross-

ing at the time of the accident. Accordingly, the burden was upon the defendant railroad to satisfy the jury that the obstruction had not continued for an unreasonable time and could not have been avoided by the exercise of proper care and diligence: *Todd* case, supra; see, also, *Blaskey v. Pennsylvania Railroad Company*, 138 Pa. Superior Ct. 465, 10 A. 2d 891. The evidence further justifies a finding that, in order to carry out the shifting operation in which the train crew was about to engage, it was not necessary to have the locomotive (or any portion of the train, for that matter) stand motionless on the highway crossing. The locomotive with the cars behind it could just as readily have been brought to a stop short of the highway. Had that course been chosen, the locomotive (as well as the cars attached to it) would have at all times during the contemplated shifting operation been in motion when upon the grade crossing over the highway. Hence, the locomotive would not have been operated negligently.[1] As stated in Comment *c* to §292, Restatement, Torts, "If the actor can advance or protect his interest as adequately by other conduct which involves less risk of harm to others, the risk contained in his conduct is clearly unreasonable." Consequently, whether the railroad company's blocking of the highway was unreasonable was for the jury under the facts of the case.

*Blaskey v. Pennsylvania Railroad Company*, supra, supplies the answer to the subordinate question whether the plaintiffs' decedents fall within the category of persons towards whose protection the Act of 1845, supra, was directed. In the *Blaskey* case, Judge (later

---

[1] A moving locomotive or train of cars has a right to block a crossing *while in the course of its passage over it*: see *Venchik v. Pennsylvania Railroad Company*, 143 Pa. Superior Ct. 438, 440, 18 A. 2d 118, and cases there cited.

Mr. Justice) PARKER, speaking for a unanimous court, said "We agree that one of the objects of the statute was to facilitate the movement of traffic on the highways, but the orderly and *safe* passage of vehicles is an incident to that general purpose" (Emphasis supplied).

The question of proximate cause is dependent upon whether or not the defendant administrator's decedent, the driver of the automobile, was an intervening agent and the sole cause of the injuries in suit, regardless of the railroad company's negligence. The answer to that question depends, in turn, upon a factual finding as to whether the driver of the automobile had the last clear chance of avoiding the accident.[2] In the light of the evidence, that question also was for the jury. In *Kline v. Moyer and Albert,* 325 Pa. 357, 364, 191 A. 43, Mr. Justice, now Chief Justice, STERN stated for this court the general principles governing the question of proximate cause as follows: "Where a second actor has become aware of the existence of potential danger created by the negligence of an original tortfeasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing

[2] The "last clear chance" as an offset to contributory negligence is a doctrine which has never been adopted in Pennsylvania: see *Kasanovich v. George,* 348 Pa. 199, 202, 34 A. 2d 523. But, the last clear chance of avoiding an accident does have its place in determining, as between two independent tort-feasors, whose negligence was the proximate cause of the injury.

causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties." Where, as here, there is no conclusive evidence as to the time the "second actor" (in this instance the driver of the automobile) became aware of the perilous condition created by the first tort-feasor (i.e., the railroad company), the question of proximate cause is peculiarly for the jury: *Murray v. Pittsburgh Athletic Company,* 324 Pa. 486, 493, 188 A. 190; see also *Pennsylvania Railroad Company v. Kelly,* 31 Pa. 372, 377, and *Blaskey v. Pennsylvania Railroad Company,* supra, at p. 469.

The several judgments are reversed and the records remanded with directions that judgments be entered on the verdicts for the plaintiffs.

Mr. Justice ALLEN M. STEARNE dissented.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

Defendant's train, made up of a locomotive, tender and seven coal cars, was approaching a grade crossing with lights on and signaling its approach and presence by ringing bells. It was stopped at the road crossing *for several seconds* for the purpose of shifting its cars.

Pletcher's automobile, in which plaintiffs were passengers, while being driven fast and admittedly negligently, crashed into defendant's locomotive. The majority opinion suggests that the locomotive could have stopped on the upgrade just before the highway crossing. The majority admit that a moving locomotive or train of cars has a right to block a crossing while in the course of its passage over it. See *Venchik v. P. R. R. Co.,* 143 Pa. Superior Ct. 438, 440, 18 A. 2d 118.

If the locomotive had continued to move slowly instead of stopping momentarily, the accident would have happened just exactly as it did happen. The Statute of 1845 (Act of March 20, 1845, P. L. 191, §1, 67 PS §452) which makes it illegal for a railroad to "block up" a street crossing, must receive a reasonable construction. Even the majority admit that it is not negligence to stop a train at a grade crossing for a reasonable length of time. Under the facts in this case, no jury should be permitted to say that "several seconds" was an unreasonable time. I believe it was not negligence to stop momentarily after an upgrade on a highway crossing, with lights lighted and bells ringing; but in any event defendant's negligence, if any existed, was not the proximate cause of the plaintiffs' injuries.

Under all these facts I would hold that judgment n.o.v. for the Railroad Company was properly entered and should be affirmed. Cf. *Cella v. P. R. R. Co.*, 364 Pa. 82, 85-86, 70 A. 2d 638; *Yolton v. P. R. R. Co.*, 368 Pa. 429, 84 A. 2d 501.