500 A.2d 470

**Elmer BAKER and Rosemarie J. Baker, Husband and Wife**

**v.**

**MAGNETIC ANALYSIS CORPORATION and Cyclops Corporation, Sawhill Tubular Division.**

**Appeal of MAGNETIC ANALYSIS CORPORATION.**

Superior Court of Pennsylvania.

Argued May 13, 1985.

Filed Nov. 8, 1985.

Cyril T. Garvey, Sharon, for appellant.

David Hickton, Pittsburgh, for Cyclops, appellee.

Before SPAETH, President Judge, and ROWLEY and WIEAND, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an Order entered on July 19, 1984, (1) denying Magnetic Analysis Corporation's (appellant) request to join Cyclops Corporation, Sawhill Tubular Division (appellee) as a necessary party plaintiff and (2) sustaining Cyclops' preliminary objection in the nature of a demurrer to Magnetic's Complaint to Join Cyclops as an Additional Defendant.

On January 14, 1984, plaintiffs Elmer and Rosemarie J. Baker filed a Complaint in Trespass against Magnetic in which they alleged, *inter alia*, that Mr. Baker was injured

while operating machinery owned by Magnetic and leased to Mr. Baker's employer, Cyclops. The plaintiffs alleged that Magnetic was liable to them on theories of negligence and strict liability under Restatement (Second) of Torts, § 402(A). Specifically, plaintiffs alleged that Mr. Baker's injuries were caused by:

(a) The defectively designed machinery of [Magnetic];

(b) The defectively manufactured machinery of [Magnetic];

(c) [Magnetic's] negligent and careless maintenance of the machinery;

(d) [Magnetic's] negligent inspection of the machinery;

(e) [Magnetic's] failure to warn the plaintiff in a proper and adequate manner of the dangers and defects of the machine known to the defendant or which, through reasonable inspection, should have been known to the defendant;

(f) [Magnetic's] failure to manufacture and maintain a machine in compliance with applicable Federal and State laws and regulations;

Plaintiffs' complaint at 2.

On February 9, 1984, Magnetic filed preliminary objections to the plaintiffs' complaint and requested, *inter alia,* that Cyclops be joined as a necessary party plaintiff. On March 6, 1984, Magnetic filed a "Complaint to Join Additional Defendant" which sought to join Cyclops on the basis of an indemnity clause contained in a lease agreement entered into between Magnetic and Cyclops for the machinery. The clause reads as follows:

INDEMNITY OF PERSONS & PROPERTY: [Cyclops] agrees that it will assume, discharge and pay and at all times indemnify, defend and save harmless [Magnetic] from and against any and all claims, demand, loss, liabilities and damages for injuries to any person and to any property arising out of or in connection with the use, misuse or abuse of the equipment herein leased and from any act, fault or negligence of [Cyclops] or its employees,

invitees, and licensees, together with all costs, expenses and attorney's fees incurred with respect to any such claim, demand or legal proceeding made or brought against [Magnetic], provided, however, that [Magnetic] will indemnify, defend and save harmless [Cyclops] with respect to injuries to any person or any property arising out of the act, fault or negligence of [Magnetic], its agents or employees.

In its complaint, Magnetic alleged only that any injuries sustained by Elmer Baker were "within the scope of the indemnification clause" and that Cyclops was either solely or jointly liable to the plaintiffs or liable over to Magnetic for any injuries sustained by plaintiffs. In response, Cyclops filed a preliminary objection in the nature of a demurrer, maintaining that the Bakers' allegations of negligence and strict liability were directed solely at Magnetic and that the indemnification clause did not provide that Cyclops would indemnify Magnetic for Magnetic's own negligent acts.

On July 19, 1984, the trial court entered an order (1) denying Magnetic's request to join Cyclops as a necessary party plaintiff and (2) sustaining Cyclops' preliminary objections to Magnetic's complaint to join Cyclops as an additional defendant. In an opinion accompanying the order, the trial judge, Honorable John Q. Stranahan, interpreted the indemnity clause as follows:

[O]ur interpretation of this provision is that the lessee, Cyclops, agrees that it will indemnify Magnetics against all claims, including damages for injuries to any person arising out of the use of the leased equipment and from any acts, fault or negligence of [Cyclops] or its employees incurred with respect to any such claim made or brought against [Magnetic]. The agreement further provides that [Magnetic] will indemnify [Cyclops] with respect to injuries to any person arising out of the act, fault or negligence of [Magnetic]. This we interpret to mean that [Cyclops] will indemnify for any claims against [Magnetic] caused by [Cyclops'] use, misuse or abuse of the leased

machinery. The intention of the parties is obvious and that is while the machine is under the control of [Cyclops] and being used by its employees, that [Cyclops] will indemnify [Magnetic] for any injury, including injuries to the [Cyclops'] employees. The indemnity agreement does not provide, however, that [Cyclops] will indemnify [Magnetic] if the injury to the employee was caused either by a defect in the machinery or by the negligent construction or maintenance of the machine. There would be no purpose for [Cyclops] to assume that responsibility since [Cyclops] had absolutely no control over the designing or manufacturer [sic] of the machine.

\* \* \* \* \* \*

We conclude that the indemnity agreement does not intend to impose a duty for [Cyclops] to indemnify [Magnetic] where the injury was not caused by [Cyclops] but was solely the responsibility of [Magnetic] and we further believe that the parties did not intend to provide an obligation of indemnity under these circumstances.

Trial court opinion at 8–10.

Initially we note the applicable standard of review is expressed in *Donnelly v. DeBourke,* 280 Pa.Super. 486, 489, 421 A.2d 826, 828 (1980) (citations omitted):

[W]hen considering preliminary objections in the nature of a demurrer, we accept as true all well-pleaded material facts in the complaint, as well as all inferences reasonably deducible therefrom ... [P]reliminary objections should be sustained and a complaint dismissed only in cases that are clear and free from doubt, i.e., it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff.

*See also Bickell v. Stein,* 291 Pa.Super 145, 149, 435 A.2d 610, 612 (1981). Any doubt as to whether a demurrer should be sustained is to be resolved against the moving party. *DeSantis v. Swigart,* 296 Pa.Super. 283, 285–286, 442 A.2d 770, 771–772 (1982); *Commonwealth, Department of Environmental Resources v. Peggs Run Coal Co.,* 55 Pa.Commw.Ct. 312, 423 A.2d 765 (1980).

We have reviewed the record and have accorded due consideration to the issues argued by Magnetic. We agree with the trial court's interpretation of the indemnity clause and, therefore, we affirm.

█ In attempting to join Cyclops as an additional defendant, Magnetic alleged in its complaint that "any injuries sustained by the plaintiff Elmer Baker are within the scope of the indemnification clause contained in the lease...." Magnetic's Complaint to Join Additional Defendant, paragraph 8. Because Magnetic has premised its claim against Cyclops solely upon the indemnification clause,[1] we focus our inquiry on whether the trial court properly interpreted that clause.

The record reveals that plaintiffs do not allege that their injuries were caused by Cyclops or its employees. It is true that plaintiffs aver negligence; however, those allegations are directed at Magnetic and cannot be read as inculpating Cyclops.[2] Moreover, Magnetic's complaint does not allege any wrongdoing on the part of Cyclops or its employees. Magnetic, however, in spite of the absence of any claim of wrongdoing against Cyclops, contends that Cyclops has a duty to indemnify it under the lease which requires that Cyclops be joined in plaintiffs' underlying action. This argument disregards the duties imposed upon Magnetic by the latter portion of the indemnity agreement. Under the agreement, Magnetic, as lessor, agreed to "indemnify ...

1. While Magnetic's complaint also alleged that Cyclops was alone or jointly liable to plaintiff's, those claims are barred. *Szemanski v. Vulcan Materials Co.*, 272 Pa.Super. 240, 415 A.2d 92 (1979).

2. As to plaintiffs' allegations that Magnetic negligently maintained and inspected the equipment, we note that the lease agreement provides as follows:

MAINTENANCE AND INSPECTION: [Cyclops] shall maintain a suitable electrical service to operate each equipment and a suitable mechanism for feeding the material to be tested through each equipment. [Magnetic] will maintain the leased equipment(s) in working condition against damage or inoperativeness arising from ordinary wear and tear and from defects inherent in the equipment.... [Magnetic] may inspect and maintain the equipment(s) at all normal business times, subject to all rules and regulations of the United States Government and any of its agencies.

[Cyclops] with respect to injuries to any person ... arising out of the act, fault or negligence of [Magnetic], its agents or employees."

We hold that the trial court correctly considered the entire clause and correctly interpreted it to mean that Cyclops did not intend to indemnify Magnetic for injuries arising out of any "act, fault of negligence of [Magnetic]." After it correctly interpreted the clause, the trial court found that Magnetic's complaint failed to state a cause of action against Cyclops and properly dismissed the complaint.

■ Magnetic also argues that sustaining "[Cyclops'] demurrer to the complaint to join it as an additional defendant deprives [Magnetic] of the opportunity of proving that while the machine was under the control of [Cyclops] and being used by its employees, Baker was injured as a result of negligence on the part of [Cyclops] or its employees." Magnetic's brief at 9. Leaving aside the fact that no such negligence is alleged in any of the pleadings, including Magnetic's, that is not an accurate statement of the law. The dismissal of Magnetic's Complaint to Join Additional Defendant does not preclude it from offering evidence at trial to prove that plaintiffs' injuries were not caused by Magnetic or its employees. *See generally McKee v. McHugh Brothers,* 327 Pa.Super. 170, 174, 475 A.2d 153, 155 (1984) (if instrumentality causing plaintiff's injuries "was, in accordance with parties' agreement, exclusively in the control of the plaintiff's employer, then plaintiff's cause of action against the alleged third-party tortfeasor fails because the injury was *not* caused by the third party, but rather by the plaintiff's own employer.") (emphasis in original.)

As to Magnetic's second issue, we find that Judge Stranahan, in his opinion of July 19, 1984, adequately discussed and properly disposed of that issue also. *See Kelly v. Carborundum,* 307 Pa.Super. 361, 453 A.2d 624 (1982), *aff'd,* 504 Pa. 238, 470 A.2d 969 (1984) (*per curiam, in*

accordance with *Heckendorn v. Consolidated Rail Corporation,* 502 Pa. 101, 465 A.2d 609 (1983) ).

Order affirmed.