663 A.2d 162

Keith MOHLER, an Agent of Farm Sanctuary of Pennsylvania Inc., Clayton Hulsizer, an Agent of Pennsylvania Society for the Prevention of Cruelty to Animals, and Kathy Hecker, an Agent of Animal Friends, Inc., Appellants

v.

**LABOR DAY COMMITTEE, INC., Appellee.**

Superior Court of Pennsylvania.

Argued March 7, 1995.

Filed July 5, 1995.

Reargument Denied Sept. 12, 1995.

Katherine A. Meyer, Washington, DC, for appellants.

James P. Diehl, Pottsville, for appellee.

Before DEL SOLE, BECK and CERCONE, JJ.

DEL SOLE, Judge:

This is an appeal from a order granting preliminary objections and dismissing a complaint in equity which sought to have the court enjoin the Fred Coleman Memorial Pigeon Shoot held annually in Hegins, Pennsylvania.

The Complaint was brought by Appellants, three "agents" of societies or associations for the prevention of cruelty to animals. They alleged that at the event, which is attended by thousands, Appellee releases over 6,000 pigeons to be shot by participants. Of the birds released, typically 2,000 are not killed, but are only wounded. It is only the treatment of wounded pigeons which Appellants allege violates the Pennsylvania statute making it a summary offense for anyone to wantonly ill-treat an animal. 18 Pa.C.S.A. § 5511(a), (c). The Complaint does not allege that the killing or wounding of pigeons at this event violates the statute, and we agree that conduct is not a violation.

The Complaint specifically alleged the prohibited conduct occurs when wounded pigeons, which fall within a circled area in front of each shooter, are retrieved by "trapper boys", who kill the wounded birds by a variety of methods. It averred that the methods used to kill these pigeons are contrary to accepted veterinary practices of euthanasia and cause the bird unnecessary pain. It also claimed that no attempt is made to treat or destroy wounded birds landing outside the circled area. Because of this conduct, the Complainants sought to have the 1994 event, as well as all such future events, enjoined and requested that the court order such other relief as it deemed proper.

The trial court ruled that any harm done at the annual shoot is "speculative," that if criminal acts do occur private complaints may be filed, and that under the supreme court's decision in *Commonwealth v. Lewis*, 140 Pa. 261, 21 A. 396 (1891), "the shooting of pigeons and the ancillary effect that some will be only wounded does not constitute cruelty to animals." While we do not agree with the trial court's reading of the *Lewis* decision as support for the sustaining of Preliminary Objections, we nevertheless must deny Appellants relief.

We begin our analysis with a discussion of *Lewis*, the only appellate case in this Commonwealth that our research has disclosed which dealt with similar circumstances. In a decision rendered in 1891, the court considered the appeal of a defendant who wounded a pigeon at a pigeon shoot and was found guilty of violating a law which provided that a person, who wantonly or cruelly ill-treats overloads, or beats or otherwise abuses any animal, would be guilty of a misdemeanor. Act of March 29, 1869, P.L. 22. The court reversed the conviction holding that since facts determined by the jury did not include a finding of needless and wanton cruelty, the conviction could not stand. The court did not rule, as the trial court suggests, that the treatment of the wounded pigeons at a shooting exhibition could not constitute cruelty to animals. In fact the court wrote: "We do not say there might not be a violation of the act of 1869 at a shooting match, but, in our view, the facts found by the jury do not bring this case within

it." *Id.* at 267–268, 21 A. 396. The "facts" referred to by the court included the absence of any finding that the pigeons were needlessly or cruelly tortured or that a bird's "suffering was greater because of the manner of its death than if it had been killed in some other way." *Id.* at 267, 21 A. 396. The wounded bird in *Lewis* alighted upon a tree, and as soon as its condition was discovered, it was killed by a member of the club. The court remarked on the fact that the bird was immediately killed, and that there was no evidence which would suggest that the object of the event was to torture pigeons.

■ The allegations contained in the Complaint in this case differ significantly from the factual findings made by the jury in *Lewis.* Here it is specifically alleged that numerous injured pigeons, which fall outside the circled area, are not sought out and destroyed or treated and that those which fall inside the circled area are killed in various ways which are wantonly cruel. Appellants claim that this conduct violates a statutory provision, which contains language identical to the provision considered in *Lewis.* The current statute provides:

> **Cruelty to animals.**—A person commits a summary offense if he wantonly or cruelly ill-treats, overloads, beats, otherwise abuses any animal, ... or deprives any animal of necessary sustenance, drink, shelter or veterinary care....

18 Pa.C.S.A. § 5511(c).

■ Accordingly, unlike the trial court, we accept Appellants' position that our supreme court's decision in *Lewis* does not support the contention that the manner in which injured pigeons are treated cannot, *as a matter of law,* constitute a violation of 18 Pa.C.S.A. § 5511(c). Because the trial court was presented with a request to rule on preliminary objections in the nature of a demurrer, it was required to accept as true the facts alleged by Appellants. *Kyle v. McNamara & Criste,* 506 Pa. 631, 487 A.2d 814 (1985). It cannot be said, based upon the averments of the complaint, that equitable relief is, under all circumstances, legally unavailable. Rather, the court should have made a factual determination of whether the

wounded birds are cruelly treated, or whether all reasonable efforts are employed to dispose of injured pigeons in a non-abusive manner. *Baker v. Magnetic Analysis Corp.*, 347 Pa.Super. 188, 500 A.2d 470 (1985). For this reason we conclude that the trial court erred in granting the preliminary objections.

However, had facts been established that would warrant relief, it would not have been necessary for the court to enjoin the event. The Complaint requested the court fashion the equitable relief it deemed appropriate. In this case, had the matter proceeded and the court been satisfied that the facts warranted relief, it would have been appropriate for the court to establish criteria regarding the treatment, handling, and disposal of injured pigeons. By means of this appeal, however, we cannot remand this case.

■ Appellee, Labor Day Committee, Inc., sponsor of the event, makes two arguments with regard to Appellants' standing. While these two specific arguments must fail, there is nevertheless a current lack of standing in this case. Appellee begins by acknowledging that a duly authorized agent of a society for prevention of cruelty to animals is authorized to initiate both criminal and civil proceedings under 18 Pa.C.S.A. § 5511(i). That section provides:

> An agent of any society or association for the prevention of cruelty to animals, incorporated under the laws of the Commonwealth, shall have the same powers to initiate criminal proceedings provided for police officers by the Pennsylvania Rules of Criminal Procedure. An agent of any society or association for the prevention of cruelty to animals, incorporated under the laws of this Commonwealth, shall have standing to request any court of competent jurisdiction to enjoin any violation of this section.

18 Pa.C.S.A. § 5511(i)

However it asserts that such standing is conditioned upon the agent obtaining proper approval of the District Attorney of Schuylkill County, which was not done. In support of this position it cites to 18 Pa.C.S.A. § 5511(*o* ), which states:

Upon prior authorization and approval by the district attorney of the county in which the proceeding is held, and association or agent may be represented in any proceeding under this section by any attorney admitted to practice before the Supreme Court of Pennsylvania and in good standing. Attorney's fees shall be borne by the humane society or association which is represented.

18 Pa.C.S.A. § 5511(*o*)

We read Subsection (*o*) to require approval by a district attorney when agents of humane societies initiate *criminal proceedings*. This provision was added to the statute in 1984, at the same time the Legislature added the provisions granting agents of humane societies the power to initiate criminal proceedings. *See* Act. No. 1984–230 (December 21, 1984) The second sentence of subsection (i) which grants agents standing to request an injunction was added two years later, in 1986. *See* Act No. 1986–191 (December 16, 1986). We see no reason why the provision which requires approval of the district attorney would apply to require approval before a civil action could be brought. The filing of a civil action does not involve either the resources of or the discretion vested in a local District Attorney.

■ We likewise reject Appellee's specific argument that standing was lacking because Appellants did not comply with 22 Pa.C.S.A. § 501. This statutory provision allows organizations such as Appellants' to designate a person to act as "policeman" and directs that every such policeman shall take an oath which is to be recorded with the Recorder of Deeds of each county in which it is intended that the policeman will act. Appellee maintains that because Appellants did not take and record an "oath", the absence of this compliance with the statutory provisions for authorization is fatal to their standing. While we find this provision had no application to the facts of this case when filed, since Appellants claimed to be acting as agents, not police officers, and were bringing a civil action, we must conclude that Appellants now lack standing to continue the matter.

The law has now changed and there are new provisions regarding those who represent a society or association for the prevention of cruelty to animals. Act 135–94 signed December 12, 1994, House Bill No. 2542 Session 1994. This act which became effective subsequent to the trial court's ruling, is entitled the Humane Society Police Officers Enforcement Act. *Id.* Section 1. Unlike section 501 of Title 22, which speaks only to "policeman," the newly enacted statute now includes all "agents" of a Humane Society Association as "police officers." Under the definitional Section 2 a "Humane Society police officer" is defined as:

Any person duly appointed pursuant to 22 Pa.C.S. § 501 (relating to appointment by nonprofit corporations) to act as a police officer for a society or association for the prevention of cruelty to animals. The term shall include any person who is an "agent" of a society or association for the prevention of cruelty to animals, as "agent" is used in 18 Pa.C.S. § 5511 (relating to cruelty to animals.)

Act 135–94 Section 2

Thus, Appellants, as agents for their respective organizations are considered to be "Humane society police officers." As such, Act 135–94 directs that these individuals:

May not exercise the powers conferred under 18 Pa.C.S. § 5511 (relating to cruelty to animals) upon an agent of a society or association for the prevention of cruelty to animals or the powers conferred under 22 Pa.C.S. § 501(c) (relating to appointment by nonprofit corporations) upon a humane society police officer within the boundaries of a county unless the individual has been appointed as a humane society police officer in that county in accordance with 22 Pa.C.S. § 501.

*Id.* Section 3.

In making an application for the appointment of an individual to act as a police officer, the application must include documentation that the person has satisfactorily completed a training program, the details of which are outlined in the statutory provision. *Id.* Section 4. These newly enacted provisions

make no distinction between representatives who are mere agents and those who are viewed as police officers. In the matter before us, the record establishes that the plaintiffs have not been appointed as humane society police officers in Schuylkill County.

This court is thus presented with a situation in which individuals, acting in a capacity as agents for their respective humane society organizations, seek our review of action taken by the trial court which involved an event which has already occurred, as well as future events. While we have rendered an opinion on the trial court's ruling regarding Appellants' Complaint and its legal merit, we are not in a position to remand this matter for further consideration. Such action would necessarily involve a decision affecting this year's upcoming event and any future events. Section 5511(i) limits the filing of civil actions to persons qualified by law as enumerated members of Humane Societies. Because those seeking to invoke the court's consideration of these matters are "agents" of a society or association for the prevention of cruelty to animals and have not been appointed Humane Society Police Officers by the Court of Common Pleas of Schuylkill County, they are not empowered to ask that court enforce the act.

The General Assembly, in order to correct abusive activities by Humane Society agents, has established training requirements and has limited jurisdiction of these private police officers. Humane Society Police officer agents can only act in the counties where they have been granted police power by the local Court of Common Pleas.

Accordingly, we will not remand this matter to the trial court since the individuals seeking to have the court invoke its jurisdiction are not now authorized to do so.

Affirmed.

BECK, J., concurs in the result.