666 A.2d 1099

Susan E. SPRENKEL and Robert C. Sprenkel, Appellants,

v.

**CONSOLIDATED RAIL CORPORATION.**

Superior Court of Pennsylvania.

Argued June 22, 1995.

Filed Oct. 27, 1995.

378 

Michael Kelly, Harrisburg, for appellants.

Craig J. Staudenmaier, Harrisburg, for appellee.

Before ROWLEY, President Judge, and BECK and KELLY, JJ.

BECK, Judge:

Appellants Susan E. Sprenkel and Robert C. Sprenkel brought this action to recover damages for injuries suffered by Susan Sprenkel when her automobile collided with a freight car belonging to appellee Consolidated Rail Corporation ("Conrail"). The trial court sustained preliminary objections in the nature of a demurrer filed by appellee, and dismissed appellants' lawsuit. We determine that the "Occupied Crossing Rule" survives to shield the defendant railroad from liability in this negligence action.

 In this appeal from the dismissal of an action based on preliminary objections, we must determine whether, accepting all material facts pleaded in the complaint and all reasonable inferences therefrom, the law permits recovery. *Baker v. Magnetic Analysis Corp.*, 347 Pa.Super. 188, 500 A.2d 470 (1985). The complaint establishes the following relevant facts. At about 7:00 p.m. on February 16, 1992, Susan Sprenkel was driving her car southbound on State Route 2016. The weather was rainy and foggy, and it was dark; the headlights on Sprenkel's vehicle were on. As Sprenkel approached Route 2016's intersection with appellee's railroad tracks, she saw no lights, reflective devices, flares, mechanical barriers or flag-

men to warn her that a train was on the tracks. There was no warning whistle. At this time, a Conrail freight train, pulling several "hopper" cars, was on the tracks passing through the crossing at a very slow speed. Sprenkel drove her vehicle into the side of one of the hopper cars as it passed through the crossing, sustaining severe injuries. Sprenkel filed this lawsuit alleging that Conrail was negligent in failing to warn of the presence of its train on the crossing.[1]

Appellee Conrail filed preliminary objections in the nature of a demurrer, arguing that the "Occupied Crossing Rule" precluded appellants' negligence action. Briefly stated, the rule provides that a railroad whose train is actually on and moving over a crossing owes no duty to warn the approaching highway traveler; the mere presence of the train in the crossing in front of the driver is sufficient warning. *Yolton v. Pennsylvania R.R. Co.*, 368 Pa. 429, 84 A.2d 501 (1951). *See also Hogg v. Bessemer & Lake Erie R.R. Co.*, 373 Pa. 632, 96 A.2d 879 (1953); *Cella v. Pennsylvania R.R. Co.*, 364 Pa. 82, 70 A.2d 638 (1950); *Everetts v. Pennsylvania R.R. Co.*, 330 Pa. 321, 198 A. 796 (1938); *Scarborough v. Lewis*, 359 Pa.Super. 57, 518 A.2d 563 (1986), *rev'd in part on other grounds*, 523 Pa. 30, 565 A.2d 122 (1989). Appellants opposed the preliminary objections.[2] Holding that Conrail owed no duty to warn of the presence of its train in the crossing, the lower

1. Sprenkel's husband also made a derivative claim for loss of consortium which was dismissed along with Sprenkel's action.

2. In their opposition to the preliminary objections, and also in their filing with this court, appellants included certain documents regarding the occupied crossing rule, including an expert's report on visibility. Obviously, these exhibits are outside the record and are not proper for review on preliminary objections or on appeal from the grant of dismissal thereon. *Mellon Bank, N.A. v. Fabinyi*, 437 Pa.Super. 559, 650 A.2d 895 (1994). Appellees have filed an Application to Strike these matters from the record and a request for attorneys' fees incurred in filing their application. We note that the trial court clearly stated that the documents were not proper for his review on preliminary objections, and presumably did not consider them in making his determination. Likewise, we have not considered these improper materials in determining this appeal. We deny appellee's application for attorneys' fees, however, as the instant application was unnecessary; it is clear that our courts are not permitted to consider appellants' improper filing.

court sustained appellee's preliminary objections and dismissed the Sprenkels' action.

Appellants argue that the occupied crossing rule is obsolete in the face of the enactment of the Comparative Negligence Act, 42 Pa.C.S § 7102. The Comparative Negligence Act changed the law with respect to contributory negligence, which previously was a complete bar to a plaintiff's cause of action as a matter of law.[3] Appellants argue that, with the elimination of the contributory negligence bar, the occupied crossing rule is also obsolete. Appellants essentially argue that the occupied crossing rule barred lawsuits by injured plaintiffs who collided with trains that were directly in front of them because these plaintiffs were contributorily negligent as a matter of law, and thus barred from suing the defendant railroad company in a negligence action. Appellants argue that under comparative negligence, because a plaintiff's negligence is not a complete bar to a tort action, the occupied crossing rule no longer survives.

■ This argument has appeal, particularly because the relevant decisions regarding the occupied crossing rule were issued well before the enactment of the Comparative Negligence Act. In addition, we have found no cases decided under similar facts that confirm the vitality of the occupied crossing rule since the contributory negligence bar was removed.[4]

**3.** The Comparative Negligence Act provides in pertinent part:

(a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff ... where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought....

42 Pa.C.S. § 7102(a).

**4.** Appellee points to *Scarborough v. Lewis, supra,* decided in 1986, after the Comparative Negligence Act's enactment in 1976, as proof that the Comparative Negligence Act did not abrogate the occupied crossing rule. In *Scarborough,* which involved injuries to a minor plaintiff who jumped on and off a moving train, this court confirmed in dicta that once a train has entered a crossing its presence is sufficient warning to those intending to use the crossing, and no further duty to warn is owed. *Id.* at 74, 518 A.2d at 573. However, we note that the cause of

However, we are not free to change the law in this area where the seminal cases were decided, although long ago, by the Pennsylvania Supreme Court.

■ We are bound particularly because the supreme court has decided against a plaintiff under facts almost identical to those in this case. For example, in *Yolton v. Pennsylvania R.R. Co., supra*, the court decided that a plaintiff's inability to see a train occupying a crossing due to darkness, fog and an oncoming car's headlights did not create ultrahazardous conditions that would activate a duty to warn on the part of the defendant railroad. Under such circumstances, the occupied crossing rule was applied to bar the plaintiff's action. *Id. See also Wink v. Western Maryland Ry.*, 116 Pa.Super. 374, 176 A. 760 (1935) (plaintiff cannot recover where he collided with train in crossing in fog and he could not see train until it was too late). Our law is clear that the railroad has a superior right of travel over its crossings, and in the absence of exceptional danger or ultrahazardous conditions at the crossing, no flagman or safety gates are required. *Wilson v. Pennsylvania R.R. Co.*, 421 Pa. 419, 219 A.2d 666 (1966).

■ More importantly, the enactment of the Comparative Negligence Act does not change the well established rule that negligence cannot be found where the law does not impose a duty. *Williams v. Lewis*, 319 Pa.Super. 552, 466 A.2d 682 (1983). It is clear that under our cases, the defendant railroad did not have a duty to warn highway travelers of the presence of trains moving through crossings.[5] We are constrained to agree with the conclusion reached in several other jurisdictions that the change in contributory negligence law has no

action in *Scarborough* accrued prior to the effective date of the Comparative Negligence Act, and it therefore was not applicable.

5. Railroads do, however, have a duty to warn of *approaching* trains. *Johnson v. Pennsylvania R.R. Co.*, 399 Pa. 436, 160 A.2d 694 (1960); *Sanders v. Pennsylvania R.R. Co.*, 336 Pa. 424, 9 A.2d 413 (1939); *Mussari v. Lehigh Valley R. Co.*, 149 Pa.Super. 85, 25 A.2d 763 (1942). In addition, railroads have been held liable where they violated a statute prohibiting their standing still on railroad tracks, as they were negligent per se. *Coleman v. Dahl*, 371 Pa. 639, 92 A.2d 678 (1952); *Blaskey v. Pennsylvania R.R. Co.*, 138 Pa.Super. 465, 10 A.2d 891 (1940); 18 Pa.C.S. § 6907.

effect on the rule holding that railroads have no duty to warn of the presence of trains that already occupy a crossing. *See, e.g., Benjamin v. Atchison, Topeka & Santa Fe R. Co.,* 225 Ill.App.3d 608, 167 Ill.Dec. 737, 588 N.E.2d 378 (1992) (comparative negligence law does not change conclusion that where there is no duty on part of railroad to warn of occupied crossing there can be no negligence; poor visibility does not create "special circumstances"); *Dunn v. Baltimore & Ohio R. Co.,* 127 Ill.2d 350, 130 Ill.Dec. 409, 537 N.E.2d 738 (1989) (as in Kansas and Iowa defendant railroad should not have duty to guard against negligence of others, despite Comparative Negligence Act); *Deaver v. Missouri Pacific R. Co.,* 968 F.2d 19 (10th Cir. June 16, 1992) (applying Oklahoma law) (even with comparative negligence law, plaintiff still must show that the defendant was negligent; under occupied crossing doctrine defendant has no duty and therefore there is no negligence to compare). *Cf. Ritter v. Merenda,* 606 N.Y.S.2d 956, 159 Misc.2d 863 (1993) (under comparative negligence standard, occupied crossing rule no longer exists).

It probably would require a relatively small effort on the part of a railroad to place reflectors or other minimal lighting systems on the sides of its cars in order to offer some additional warning to the approaching highway traveler. However, while requiring such precautions on certain "vehicles", our relevant statutes expressly exclude from these requirements "devices used exclusively on rails or tracks." 75 Pa.C.S. §§ 102; 4301–4308. Under these circumstances, any change in the law in this area must come either from the legislature or our supreme court, which has perpetuated the occupied crossing rule. For these reasons, we affirm the trial court's dismissal of appellants' action.

Order affirmed.