J-A29007-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDRA D. HARVEY, PLENARY GUARDIAN OF THE PERSON AND OF THE ESTATE OF DENNIS J. HARVEY AND MARGARET HORNER, THE ADMINISTRATRIX OF THE ESTATE OF SHANNON M. HANRIGHT, DECEASED AND MICHELE HAZEL, INDIVIDUALLY, AND AS CUSTODIAN OF HER MINOR CHILDREN, BRETT STEBBING, AND GEORGE STEBBING, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GREGORY M. PALUMBO, ADMINISTRATOR OF THE ESTATE OF MICHAEL HANRIGHT, DECEASED AND CON-WAY FREIGHT, INC. AND CON-WAY TRANSPORTATION SERVICES, INC., | |
| APPEAL OF:  SANDRA D. HARVEY, MARGARET HORNER, AND MICHELE HAZEL | No. 278 WDA 2014 |

Appeal from the Order January 28, 2014,
in the Court of Common Pleas of Clearfield County,
Civil Division at No(s): 2009-948-CD

BEFORE:  DONOHUE, ALLEN, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED FEBRUARY 20, 2015**

Because I conclude that the trial court properly granted summary judgment in this matter, I respectfully dissent.

As the Majority correctly explains, the necessary elements of a negligence action include (1) a duty or obligation recognized by the law, (2) a breach of that duty, (3) a causal connection between the breach and the

---

* Retired Senior Judge assigned to the Superior Court.

resulting injury, and (4) actual loss or damage suffered by another. Majority Memorandum at 6-7. Although the Majority concludes that Appellants' expert report creates issues of material fact to be determined by the jury, it is axiomatic that "[t]he existence of a duty[, the first element of a negligence cause of action,] *is a question of law for the court to decide*." *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005) (emphasis added). Moreover, "negligence cannot be found where the law does not impose a duty." *Sprenkel v. Consolidated Rail Corp.*, 666 A.2d 1099, 1102 (Pa. Super. 1995).

It is well-settled that ordinary motorists do not have a duty to anticipate the negligence of other drivers. *See, e.g.*, *Mulheirn v. Brown*, 185 A. 304, 305 (Pa. 1936); *Smith v. Port Authority Transit*, 390 A.2d 249, 252 n.4 (Pa. Super. 1978). Moreover, in *Fredericks v. Castora*, 360 A.2d 696 (Pa. Super. 1976), this Court declined to apply to professional truck drivers a higher standard of care than that applicable to the ordinary motorist:

> A requirement that experienced truck drivers be subject to a higher standard of care does not impress us as being a useful concept to infuse into the law of vehicle negligence. An understanding of the ordinary standard of due care applicable to the average motorist under the multitude of changing circumstances likely to confront today's driver is already difficult to grasp and apply justly. To begin to vary the standard according to the driver's experience would render the application of any reasonably uniform standard impossible. Other jurisdictions have confronted the problem of varying degrees of care and sought to control the ceaseless variation of the concept of negligence by establishing a single standard: ["]Care does not

increase or diminish by calling it names. We think the abstract concept of reasonable care is in itself quite difficult enough to grapple with and apply in our law without our courts gratuitously conferring honorary degrees upon it. There is only one degree of care in the law, and that is the standard of care which may reasonably be required or expected under all the circumstances of a given situation. …["] We decline this opportunity to develop a higher standard of care for experienced truck drivers … .

*Fredericks*, 360 A.2d at 698 (citations and emphasis omitted) (quoting

*Spence v. Three Rivers Building & Masonry Supply*, 90 N.W.2d 873,

878 (Mich. 1958)). Thus, as a matter of law, professional truck drivers have

a duty to exercise the same standard of due care that is applicable to the

average motorist under the given circumstances. Therefore, Hale had no

duty to anticipate Hanright's actions in this case. Appellants' expert report

attempts to create an issue of fact where there is no issue as a matter of

law.

Appellants contend that they are not alleging that Hale was negligent

for failing to anticipate the negligence of Hanright, but rather that Hale was

negligent for proceeding at risk of harm to those in the Hanright vehicle and

failing to view Hanright's vehicle at the appropriate time, slow down or

otherwise make evasive maneuvers, keep control of his vehicle, permit

Hanright's vehicle back on the road, and give due regard to the position of

Hanright's vehicle during the course of events at issue. In my view,

Appellants are making a distinction without a difference, as they merely

point to specific ways they would have had Hale act in anticipation of

Hanright's negligence. To the extent that there is a material distinction, I

- 3 -

would affirm on the basis that there is no possibility that a reasonable jury could find that Hale breached the standard of care he owed to other motorists, irrespective of any obligation to anticipate the negligence of other drivers. *See Emerich v. Phila. Ctr. for Human Dev., Inc.*, 720 A.2d 1032, 1044 (Pa. 1998) ("While the existence of a duty is a question of law, whether there has been a neglect of such duty is generally for the jury. However, the issue of whether an act or a failure to act constitutes negligence may be removed from consideration by a jury and decided as a matter of law when the case is free from doubt and there is no possibility that a reasonable jury could find negligence.").

Accordingly, I would affirm the trial court's order.