674 A.2d 273

Patrick J. LENIHAN and Lisa Pupo Lenihan, Appellants

v.

John F. HOWE, III and Karen C. Howe.

Superior Court of Pennsylvania.

Argued Feb. 29, 1996.

Filed April 1, 1996.

428

Lisa P. Lenihan, Pittsburgh, for appellants.

John A. Tumolo, Pittsburgh, for appellees.

Before CIRILLO, President Judge Emeritus, and SAYLOR and EAKIN, JJ.

CIRILLO, President Judge Emeritus.

This is an appeal from an order of the Court of Common Pleas of Allegheny County granting Defendants' preliminary objections and dismissing Plaintiffs' complaint. We affirm.

Plaintiffs, Patrick J. Lenihan and Lisa Pupo Lenihan, filed a complaint against defendants, John F. Howe, III and Karen C. Howe, alleging breach of contract and violation of the Unfair Trade Practice and Consumer Protection Law. The Lenihans alleged in their complaint that they negotiated with the Howes for the purchase of land owned by the Howes, that they believed the land contained a valid sewage permit, and that the Howes confirmed this assumption by stating that the land had recently passed a percolation test. The Lenihans also averred that after purchasing the property, they inquired and determined that no valid sewage permit existed.

The trial court, in passing on the Howes' preliminary objections, noted that the contract was drafted by the Lenihans (purchasers) and that it contained an integration clause. The court granted the Howes' preliminary objections and dismissed the Lenihans' complaint. This appeal followed. The Lenihans raise the following two issues for our review:

1. Did the trial court err as a matter of law in not allowing plaintiffs leave to amend their complaint to attach the agreement of sale as an exhibit to the complaint?

2. Did the trial court err in determining that the appellants did not have a cause of action at the preliminary objections, before discovery was completed, and before appellants could fully develop the record, to determine whether the defendants' actions constituted fraud and misrepresentation such that the application of the parol evidence rule would be avoided or, in the alternative, that the parol evidence rule was inapplicable to the facts at hand?

In an appeal from an order sustaining preliminary objections in the nature of a demurrer the appellate court applies the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review. *Kyle v. McNamara & Criste*, 506 Pa. 631, 633–34, 487 A.2d 814, 815 (1985). The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Any doubt should be resolved in favor of overruling the demurrer. *Kyle, supra;*

*Baker v. Magnetic Analysis Corp.*, 347 Pa.Super. 188, 191–93, 500 A.2d 470, 472 (1985).

■ The Lenihans' first claim is moot. Although the Lenihans failed to attach the contract of sale to their complaint, acknowledging that it was an oversight, the Howes attached the contract to their preliminary objections. Consequently, the court, in passing upon the preliminary objections, had the benefit of the contract at issue.

In their second claim, the Lenihans contend that the parol evidence rule should not apply to preclude evidence that they were defrauded by the Howes with respect to the existence of a sewage permit. Our review indicates that the law states with certainty that no recovery is permitted. *Kyle, supra; Baker, supra.*

The contract, drafted by the Lenihans,[1] clearly indicates that option (c) of Paragraph 23 was checked. Option (c) states:

(c) Buyer is hereby advised that there is no currently existing community sewage system available to the Property and that a permit for an individual sewage system will have to be obtained from the appropriate local agency pursuant to the Pennsylvania Sewage Facilities Act. **Buyer should contact the appropriate local agency which administers the Pennsylvania Facilities Act, ... before signing this Agreement to determine the procedures and requirements for obtaining a permit for an individual sewage system.**

(emphasis added).

■ The Lenihans contend that the Howes represented to them that the land contained a valid sewage permit, inasmuch as the Howes stated that the land had recently passed a percolation test. These allegations simply do not amount to an allegation of fraud. As such, the parol evidence rule operates to bar evidence of any prior agreement or represen-

1. Mrs. Lenihan is an attorney who represented herself and her husband during the trial court proceedings. She represents herself and her husband on appeal.

tations. Where parties, "without any fraud or mistake have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of this agreement[.]" *Gianni v. Russell & Co., Inc.*, 281 Pa. 320, 323, 126 A. 791, 792 (1924). "All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract ... and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence." *Union Storage Co. v. Speck*, 194 Pa. 126, 133, 45 A. 48, 49 (1899).

Our analysis is braced by the existence of an "as is" clause in ¶ 19,[2] which reads:

**19.** Inspection of Property. It is hereby understood by the parties hereto that the Property has been inspected by Buyer or his agent, that the same is being purchased solely in reliance upon such inspection and that there have not been and there are no representations or warranties, express or implied, with respect to the physical condition of the property, made by Seller or Broker, except those provided in this Agreement or those set forth in this paragraph.

In *Myers v. McHenry*, 398 Pa.Super. 100, 580 A.2d 860 (1990), this court recently stated:

Where buyers allege that they were fraudulently induced to purchase a property through fraud and misrepresentation, the applicability of the parol evidence rule is determined by balancing "the extent of the party's knowledge of objectionable conditions derived from a reasonable inspection against the extent of the coverage of the contract's integration clause in order to determine whether the party could justifiably rely upon oral representations without in-

**2.** Both parties and the trial court refer to ¶ 26 of the contract—an integration clause. The contract in both the reproduced and original records, however, does not contain the last page of the contract, which apparently contains ¶ 26. This court may consider only those facts which have been duly certified in the record on appeal. *Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974). We, therefore, admonish counsel for neglecting to include in the record on appeal the entire contract at issue.

sisting upon further contractual protection or the deletion of an overly broad integration clause." [citations omitted]. *Id.* at 107, 580 A.2d at 864. *See also Bardwell v. Willis Company,* 375 Pa. 503, 508, 100 A.2d 102, 105 (1953) (the parol evidence rule may not be circumvented by raising fraud); *Bowman v. Meadow Ridge, Inc.,* 419 Pa.Super. 511, 615 A.2d 755 (1992).

■ We must hold the promisor to the reasonable meaning of his or her words in order to protect the needs of society and trade as well as the promisee's justified reliance upon a promise. *See* 1 Williston, *Contracts* §§ 21, 35 (3d ed. 1957); see also *Jamison v. Concepts Plus, Inc.,* 380 Pa.Super. 431, 438–40, 552 A.2d 265, 269 (1988). As the eminent Justice Musmanno has pronounced:

If this change of horses in the middle of the stream of contractual obligations were to be permitted, simply because one of the parties was dissatisfied with what he had agreed to do, very few contracts would reach the other side of the stream dry and staunch enough to carry on with the rest of the legal journey. There would be no stability to covenants, no reliability to promises, no assurance of regularity in business dealings, if this were to be permitted. As nature abhors a vacuum the law abhors unreliability in compacts and understandings solemnized in writing or by any other method which expresses a meeting of the minds.

*Sun Oil Company v. Traylor,* 407 Pa. 237, 243, 180 A.2d 235, 238 (1962).

The parties here intended a contract for the sale of real estate. The contract language placed Buyers on notice that no current sewage system was available to the property; the language also placed upon Buyers the obligation to contact the appropriate local agency to determine the procedures and requirements for obtaining a permit for a sewage system. The Lenihans essentially implore this court to ignore the language to which they have set their signatures. To do so would render the words of the contract meaningless. *Jamison, supra.* Buyers, in failing to reserve the procurement of a

sewage permit as a contingency of the sale, did not protect themselves in the event that a sewage system was not attainable. This alone, however, does not render the agreement unenforceable.

We have balanced the applicable factors, including the plain language of the contract, the fact that Mrs. Lenihan is an attorney, the fact that the Lenihans drafted the contract, and the fact that the Lenihans, having drafted the agreement of sale, could have easily insisted upon further protection or clarification of paragraphs 19 and 23. Our balancing weighs in favor of application of the parol evidence rule. *Myers, supra.* We conclude, therefore, that the law states with certainty that evidence of prior representation or negotiations is not admissible. As such, no recovery is possible. *Kyle, supra; Baker, supra.*

Order affirmed.