**Vaughn v. Drab**

552

*Paul J. Staub Jr.,* for plaintiff.
*George A. Miller,* for defendant.

WETTICK, *A.J.,* May 25, 2005—Defendants' motion for summary judgment is the subject of this opinion and order of court. This motion raises, inter alia, the issue of whether a court will enforce the provisions in a Standard Agreement for the Sale of Real Estate form, copyrighted by the Pennsylvania Association of Realtors, waiving the protections afforded a buyer under the Real Estate Seller Disclosure Law, 68 Pa.C.S. §7301 et seq.

The Disclosure Law governs only residential real estate transfers. 68 Pa.C.S. §7302(a). Subsection 7304(a) provides for the State Real Estate Commission to promulgate a form of property disclosure statement calling for disclosure with respect to all of the following subjects:

"(b)(1) Seller's expertise in contracting, engineering, architecture or other areas related to the construction and conditions of the property and its improvements.

"(2) When the property was last occupied by the seller.

"(3) Roof.

"(4) Basements and crawl spaces.

"(5) Termites/wood destroying insects, dry rot and pests.

"(6) Structural problems.

"(7) Additions, remodeling and structural changes to the property.

"(8) Water and sewage systems or service.

"(9) Plumbing system.

"(10) Heating and air conditioning.

"(11) Electrical system.

"(12) Other equipment and appliances included in the sale.

"(13) Soils, drainage and boundaries.

"(14) Presence of hazardous substances.

"(15) Condominiums and other homeowners associations.

"(16) Legal issues affecting title or that would interfere with use and enjoyment of the property."

The Disclosure Law provides that a seller shall disclose to the buyer any material defects with the property known to the seller by completing all applicable items in the property disclosure statement promulgated by the Real Estate Commission, and that the statement shall be delivered to the buyer prior to the signing of an agreement to transfer the property. 68 Pa.C.S. §7303. The Disclosure Law also provides that any seller who willfully or negligently violates or fails to perform any duty prescribed by this law "shall be liable in the amount of actual damages suffered by the buyer as a result of a violation of this chapter." 68 Pa.C.S. §7311(a).

In this case, in Count II of his amended complaint, plaintiff has brought a claim to recover damages under section 7311(a) based on the following allegations: Before signing the agreement, plaintiff asked both sellers if they were aware of any problems with the septic and/or water supply system. They said there were no problems with either system. (Amended complaint ¶¶7-9.) In the Seller Disclo-

sure Statement, the sellers stated that they were not aware of any leaks, backups, or other problems relating to any of the plumbing, water, and sewage-related items. (Amended complaint, exhibit A at 10, ¶8(h).) Within 30 days after moving in, plaintiff became aware of problems with the septic system. (Amended complaint ¶14.) These were problems that existed and had to be known to the sellers prior to their signing the Seller Disclosure Statement. (Amended complaint ¶¶10-11, 28-30, 33.)

Defendants contend that plaintiff may not raise any claims, including claims under section 7311(a) of the Disclosure Law, that are based on allegations that plaintiff relied on statements in the Seller Disclosure Statement because the standard agreement contained an integration clause which provided that the sales agreement "contains the whole agreement between seller and buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever concerning this sale." (Amended complaint, exhibit A at 7, ¶26(A).) I find no merit to this argument because section 7311(a) creates a statutory cause of action that supplements the protections afforded buyers of residential property under contract and tort law.

Prior to the enactment of the Disclosure Law on December 20, 2000, there was a line of cases beginning with *LeDonne v. Kessler,* 256 Pa. Super. 280, 389 A.2d 1123 (1978), which, despite integration clauses, permitted in residential real estate transactions evidence of oral representations to be admitted to support a fraudulent misrepresentation claim. In *Blumenstock v. Gibson,* 811 A.2d 1029, 1036-37 (Pa. Super. 2002), the court described this line of cases as follows:

"An exception to this general formulation of the impact of the parol evidence rule has been created and followed by the so-called 'real estate inspection cases,' *i.e., LeDonne v. Kessler,* 256 Pa. Super. 280, 389 A.2d 1123 (1978), and its progeny.

"The *LeDonne* line of cases involves written agreements for the sale of real property, almost always residential, that contain integration clauses. *1726 Cherry Street Partnership* [*v. Bell Atlantic Properties Inc.,* 439 Pa. Super. 141, 153-54 n.6, 653 A.2d 663, 669 n.6 (1995)]. Despite these integration clauses, Pennsylvania courts sometimes have permitted evidence of oral representations to be admitted. *Id.*

"The test enunciated for this type of case, as stated by the *LeDonne* court, requires a balancing of the extent of the parties' knowledge of objectionable conditions derived from a reasonable inspection against the extent of the coverage of the contract's integration clause in order to determine whether that party could justifiably rely upon oral representations without insisting upon further contractual protection or the deletion of an overly broad integration clause.

"*1726 Cherry Street Partnership,* 653 A.2d at 669-70 n.6. *Accord Lenihan v. Howe,* 449 Pa. Super. 426, 674 A.2d 273, 275 (1996) (applying the *LeDonne* balancing test in reliance upon the formulation set forth in *Myers v. McHenry,* 398 Pa. Super. 100, 580 A.2d 860, 864 (1990)). The *LeDonne* test was crafted because Pennsylvania courts have refused to enforce the parol evidence rule in so strict a manner as to deny relief to a party who was unable to entirely protect himself from the harm he even-

tually suffered. *1726 Cherry Street Partnership,* 653 A.2d at 670 n.6."

Since the Pennsylvania courts had been allowing buyers, despite integration clauses, to pursue fraudulent misrepresentation claims against sellers under the *LeDonne* balancing test for more than 20 years prior to the enactment of the Disclosure Law, the only reasonable explanation for the enactment of the Disclosure Law was to provide broader relief to the buyers of residential real estate.

Under the *LeDonne* line of cases, a buyer could not recover without proving by clear and convincing evidence that (1) the seller made a false representation which was material; (2) the seller made the representation with the knowledge of its falsity or recklessness as to whether it was true or false and with the intent to mislead the buyer; and (3) the buyer justifiably relied on the misrepresentation, and sustained injury caused by the reliance. *Blumenstock v. Gibson, supra,* 811 A.2d at 1034. The Disclosure Law expands the seller's obligations and the buyer's remedies in several ways.

First, under the *LeDonne* line of cases, the seller's silence about a condition of the premises of which the seller was aware was not necessarily characterized as a false representation. Since the Disclosure Law requires disclosure of specified information, the buyer may pursue a claim against the seller without convincing a court that the seller's silence should be characterized as a fraudulent misrepresentation.

Second, the Disclosure Law permits a buyer to recover actual damages caused by any misstatements and omis-

sions of information furnished on the property disclosure statement known to the seller. Buyers no longer need to establish materiality or an intent to mislead. In addition, buyers no longer need to show that undisclosed defects could not have been discovered through a reasonable inspection.

Third, the Disclosure Law permits recovery where the buyer proves by a preponderance of the evidence that in completing the property disclosure statement the seller made representations that the seller knew, or had reason to know, were false, deceptive, or misleading. The buyer no longer needs to establish by clear and convincing evidence that the seller's representations were made falsely and with knowledge of the falsity, or recklessness as to whether they were true or false.

At the time it enacted the Disclosure Law, the members of the General Assembly would have known that sales of residential property are almost always governed by standard sales agreements which contain integration clauses. Thus, the Disclosure Law should be construed to incorporate into the sales agreement the representations that the seller made in the property disclosure statement. Any other interpretation of the Disclosure Law would render meaningless the purposes of this legislation of broadening the *LeDonne* line of cases.[1]

Defendants also rely on paragraph 8 of the standard agreement, where the buyer waived his right to inspect,

---

1. The Disclosure Law is not a substitute for the *LeDonne* line of cases. The final sentence of section 7311(a) states: "This subsection shall not be construed so as to restrict or expand the authority of a court to impose punitive damages or apply other remedies applicable under any other provision of law."

paragraph 24 where, because he waived inspection, he waived contingencies and agreed to the release set forth in paragraph 25, and paragraph 25 which releases sellers and brokers from any and all claims, losses, or demands. (Amended complaint, exhibit A at 2 ¶8 and 7 ¶¶24 and 25.)

The *LeDonne* line of cases treats release clauses in the same fashion as it treats integration clauses. These clauses do not defeat a misrepresentation claim recognized under the *LeDonne* balancing test. See *e.g., Blumenstock v. Gibson, supra,* 811 A.2d at 1035-36.[2]

The Disclosure Law does not describe any situations in which its provisions may be waived. If the Disclosure Law could be waived through language in a standard form agreement releasing the sellers from liability for failure to disclose defects, this would occur in virtually every case and the Disclosure Law would be rendered meaningless. For the reasons I previously discussed, this would not be a construction of the Disclosure Law that the General Assembly would have intended.

The legislature has addressed the question of whether there are situations in which the Disclosure Law should not apply by excluding certain residential real estate transfers from the application of the law. See 68 P.S. §7302. The Disclosure Law governs all other residential real estate transfers. For this reason, courts will not recognize waivers and releases in standard form sales agreements that purport to alter the remedies afforded a buyer under section 7311 of the Disclosure Law.

---

2. *Blumenstock* involved a real estate sales transaction that occurred prior to the enactment of the Disclosure Law.

I am also denying defendants' motion for summary judgment as to Count I (fraud) and Count III (violation of the Consumer Protection Law). The facts set forth in the amended complaint may bring the transaction within the scope of the *LeDonne* line of cases.

For these reasons, I enter the following order of court:

## ORDER

On May 25, 2005, it is hereby ordered that defendants' motion for summary judgment is denied.