J-S15018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RICHARD G. GROSSO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLOBAL TEL LINK CORPORATION | : | No. 1562 WDA 2024 |

Appeal from the Order Entered December 2, 2024
In the Court of Common Pleas of Greene County
Civil Division at No(s):  No. 808-AD-2021

BEFORE:  OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED: October 7, 2025**

Richard G. Grosso ("Grosso") appeals *pro se* from the order granting summary judgment in favor of Global Tel Link Corporation ("GTL").  Because Grosso does not meaningfully respond to the trial court's decision to grant summary judgment, we affirm.

The factual and procedural history of this appeal is as follows.  Grosso is an inmate committed to Pennsylvania's state correctional institutions.[1]  GTL markets, sells, and supports tablets for prisoners in Pennsylvania.  GTL also sells music files to prisoners for use on their GTL tablets.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] When Grosso commenced the underlying action, he was incarcerated in the state correctional institution ("SCI") in Greene County; however, while his action was pending in the trial court, Grosso was transferred to the SCI in Huntingdon County.

Grosso bought his first GTL tablet in 2016, after which he began buying music files from GTL. Grosso has since acquired over one thousand songs. He later purchased a second GTL tablet.

Grosso's principal grievances against GTL involve his purchases of 169 songs that "were not actually what they were advertised to be[,]" "were of poor sound and recording quality[,]" or "were labeled by [GTL] to be genuine versions, but . . . were not." Amended Complaint, 4/10/23, at 2, 4. Additionally, in 2021, GTL replaced his second tablet when it failed to power on, but the replacement tablet returned to him with the volume set too low and a power adapter with a bent prong that broke off a week later. *See id*. at 3. Grosso sought refunds for those 169 songs, a replacement power adapter, and an increase of volume on his tablet. *See id*. at 3-4.[2] GTL refused those requests. *See id*.

Moreover, GTL, which apparently controls when users can delete files from their tablets, informed users their tablets' memory capacity had to reach 80% before they could delete songs from their tablet. However, when Grosso asked GTL about deleting songs, GTL informed him he could only delete files when his tablet reached 87% of its memory capacity. *See id*. at 4 & Exhibit 2; *see also* Response to GTL's Motion for Summary Judgment, 8/28/24, Exhibit 5.

---

[2] By the conclusion of the underlying proceeding, Grosso compiled a list of 189 "falsely advertised songs" and listed each song along with his complaints about each song. Sur-Response to GTL's Reply Concerning GTL's Motion for Summary Judgment, 10/3/24, Ex. A.

Grosso has acted *pro se* throughout the underlying proceedings. He initially filed a complaint against GTL in the magisterial district court and claimed "breach of contract, unfair trade practices, and theft of services," Magisterial District Court Complaint, 9/23/21, at 1. He obtained a $200 default judgment against GTL, but GTL timely appealed to the court of common pleas. Grosso filed a complaint in the court of common pleas in April 2022 and an amended complaint in April 2023.[3]

Grosso's amended complaint summarized his grievances about the music files, the power adapter, the volume setting on his tablet, and GTL's refusal to allow him to delete files from his tablet. The amended complaint set forth two counts: under the first count, for "Violation of the Unfair Trade Practices and Consumer Protection Law,"[4] Grosso asserted that GTL falsely advertised and sold songs and did so under the pretense of offering refunds, Amended Complaint, 4/10/23, at 4-5; under the second count, for "Violation of the Pennsylvania Uniform Written Obligations Act,"[5] Grosso alleged that

_____

[3] The trial court, following a conference in July 2023, accepted the filing of the amended complaint.

[4] *See* 73 P.S. §§ 201-1 to 201-10 (hereinafter, "UTPCPL").

[5] *See* 33 P.S. §§ 6-8 (hereinafter, "UWOA"). The UWOA provides, in relevant part, that "[a] written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound." 33 P.S. § 6. Put differently, section 6 provides that "if an agreement is accompanied by an intentional, binding statement, it does not require further
*(Footnote Continued Next Page)*

GTL failed to honor written promises to reimburse him for the "incorrect, mislabeled, and poor-quality songs," replace his defective power adapter, resolve volume issues with his tablet, and allow him to delete songs once he filled 80% of his tablet's memory. *Id*. at 5.

Grosso attached to the amended complaint two exhibits: a "Friends and Family" information sheet stating that GTL would accept "refund requests for incorrect song labeling," *id*., Exhibit 1; and a portion of a "Frequently Asked Questions" ("FAQ") sheet stating that the function to delete songs does not exist until the user fills 80% of his hard drive, *id*. at Exhibit 2. Throughout the proceedings, Grosso presented additional exhibits, including a full copy of the FAQ sheet, a GTL end user license agreement ("EULA") with warranties and disclaimers, copies of Grosso's "support tickets" documenting his grievances and GTL's responses, and a warranty receipt for a replacement tablet.

Further pleadings ensued, and Grosso attempted to engage in discovery, which included his requests: to have GTL download the media files from his tablet to a disc or hard drive, *see* Motion, 6/19/23, at 1; to arrange for an examination of the songs on his tablet, *see* Motion, 6/22/23, at 1; and for leave of court to bring his tablet to trial as evidence, *see* Motion, 6/26/23.

---

consideration[,]" and "[a]ny party challenging the validity of a contract containing an express intent to be legally bound will not be entitled to relief from the agreement on the basis that the promises made therein lack consideration." *Nicholas v. Hofmann*, 158 A.3d 675, 690 (Pa. Super. 2017) (internal citation omitted).

The trial court denied those motions without prejudice. Order, 6/28/23, at 4-5.

In August 2024, after the close of discovery, GTL moved for summary judgment and asserted Grosso had not produced any evidence to substantiate his claims against it. *See* Summary Judgment Motion, 8/14/24, at 2. GTL also claimed that "even putting aside [Grosso's] failure to generate any supporting evidence, each of [his] claims fails either as a matter of law or because [he] cannot possibly meet the elements required to prove each claim." *Id*. GTL argued Grosso could not meet his burden of proving a UTPCPL claim because he produced no evidence that any song description misrepresented the actual version of the song GTL offered for purchase or that Grosso justifiably relied on any description or misrepresentation of a song. *See* Memorandum of Law in Support of Summary Judgment, 8/14/24, at 5. Further, GTL claimed the UWOA did not afford Grosso relief because a cause of action did not exist under the UWOA. *See id*. GTL argued that any written agreement between Grosso and GTL was supported by consideration, and there was no need to resort to the UWOA. *See id*.

In response, Grosso alleged the exhibits he compiled constituted evidence substantiating his claims, but he did not discuss the substance of those documents in any depth or any element of his causes of action. *See* Memorandum of Law in Response to GTL's Motion for Summary Judgment, 8/28/24, at 7. Grosso claimed that the denial of his discovery motions to produce the songs on his tablet frustrated his ability to prevail on his causes

of action. *See id*. Grosso added that any contract between him and GTL was unenforceable. *See id*. at 7-8.[6]

After GTL and Grosso exchanged a reply and a response to the reply, the trial court granted summary judgment in favor of GTL. The court agreed with GTL that Grosso could not prove misrepresentations about songs and that the record only showed Grosso's unjustified assumptions about the songs he bought. *See* Opinion and Order, 12/2/24, at 3. The trial court also agreed with GTL that there was no need to resort to the UWOA because Grosso did not seek to enforce a written promise that lacked consideration. *See id*. at 4. Additionally, the trial court noted that Grosso had not asserted claims for an illegal contract or breaches of contract. *See id*. at 5. Grosso timely appealed the order and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement.

Grosso raises the following issue for our review:

> Whether the trial court committed error in granting [GTL's] motion for summary judgment under the guise that [Grosso] failed to produce any physical evidence to substantiate his claims that [GTL] violated [the UTPCPL and UWOA], [and committed] breach of contract and] theft of services when [Grosso] attempted to provide the trial court . . . actual physical proof (in the nature of

---

[6] Grosso subsequently filed an amended response to GTL's answer and new matter with additional exhibits, as well as a renewed motion to arrange for an examination of his tablet. The trial court refused to consider those filings. *See* Order, 10/29/24, unnumbered at 2 (noting the filing of the amended response to GTL's answer and new matter but stating the court would take no action on the filing because a summary judgment motion was pending) & 2-3 (granting GTL's motion to dismiss Grosso's renewed motion to arrange for an examination of his tablet because discovery had closed). Grosso does not challenge these rulings.

offering said court to down[]load all his mislabeled media items from his GTL tablet onto a CD-[ROM] or onto a hard-drive and/or producing his actual tablet), proving that the [GTL] unlawfully committed said violations as stated above, and the trial court deliberately refused to allow [Grosso] to produce his physical evidence aforementioned, and also ignored [Grosso's] other related physical evidence . . . and should [GTL's] summary judgment motion have been denied and the matter have been sent to a board of arbiters?

Grosso's Brief at 3 (some capitalization omitted).

In reviewing a grant of summary judgment, this Court applies a *de novo* standard of review, and our scope of review is plenary. *See Bourgeois v. Snow Time, Inc.*, 242 A.3d 637, 649 (Pa. 2020); *Smith v. A.O. Smith Corp.*, 270 A.3d 1185, 1192 (Pa. Super. 2022). A trial court should only grant summary judgment:

in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the non-moving party. The trial court is further required to resolve any doubts as to the existence of a genuine issue of material fact against the moving party and may grant summary judgment only where the right to such a judgment is clear and free from doubt.

*Bourgeois*, 242 A.3d at 649-50 (internal citations omitted). The "record," for the purpose of summary judgment includes: the pleadings; depositions, answers to interrogatories, admissions, and affidavits; and reports signed by an expert witness. *See* Pa.R.Civ.P. 1035.1.

When the party opposing summary judgment bears the burden of proof at trial, he cannot rest on his own pleadings. *See Shellenberger v. Kreider*

***Farms***, 288 A.3d 898, 906 (Pa. Super. 2023). As stated in Pa.R.Civ.P. 1035.3, the non-moving party must file a response identifying:

> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.Civ.P. 1035.3(a). Rule 1035.3(b) also permits the non-moving party to supplement the record or set forth reasons explaining why he cannot present evidence essential to his opposition to summary judgment. ***See*** Pa.R.Civ.P. 1035.3(b).

Furthermore, although courts will construe materials filed by a *pro se* litigant liberally, a court cannot act as counsel for the *pro se* party. ***See Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 761 (Pa. Super. 2021). "[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Warner v. Univ. of Pennsylvania Health Sys.***, 874 A.2d 644, 648 (Pa. Super. 2005) (internal citation and quotation marks omitted); ***accord Jones v. Rudenstein***, 585 A.2d 520, 522 (Pa. Super. 1991) (noting that the *pro se* litigant there "apparently labor[ed] under the false assumption that by proceeding *pro se* he [wa]s absolved of all responsibility to comply with procedural rules, and that the [defendant] and/or the court had some affirmative duty to walk him through the procedural

- 8 -

requirements, or to ignore the procedural requirements, in order to reach the merits of his claim").

On appeal, Grosso principally argues that the trial court erred in granting GTL's motion for summary judgment when the court precluded him from producing evidence concerning the nature and quality of the songs he purchased from GTL. **See** Grosso's Brief at 10-12. Grosso devotes only two paragraphs of his brief to offer generalized claims that he was able to sustain his claims that GTL violated the UTPCPL and the UWOA; but Grosso offers no discussion of the elements of those laws, and he does not discuss how the record should apply to those elements. **See id**. at 12. At no point does Grosso address the trial court's reasons for granting summary judgment, namely, that he did not establish a proper record raising a genuine issue of material fact that GTL misrepresented the songs and that there was no need to resort to the UWOA when any obligation GTL owed to Grosso was in writing and supported by consideration.[7]

---

[7] Grosso also suggests that he established causes of action for "breach of contract [and] theft of services as [he] initially contended in [his magisterial district court complaint and his first complaint in the court of common pleas]." Grosso's Brief at 7-8, 12. While Grosso contends his amended complaint preserved a cause of action for breach of contract, the amended complaint, as noted by the trial court, did not contain a separate count for breach of contract. **See generally SpiriTrust Lutheran v. Wagman Constr., Inc.**, 314 A.3d 894, 904 (Pa. Super. 2024) (stating that "[i]t is settled law in this Commonwealth that the filing of an amended complaint has the effect of eliminating the prior complaint[;]" and noting that "[a]ll pleadings in a complaint preceding an amendment become null and void for purposes of the Rules of Civil Procedure") (internal citations and quotation marks omitted). *(Footnote Continued Next Page)*

Our review of the record and Grosso's arguments in this appeal convince this Court that Grosso has not established any reversible error in the trial court's decision to grant GTL's summary judgment motion. While Grosso availed himself to Rule 1035.3's provisions allowing him to explain why he could not present evidence to oppose summary judgment, his focus on the songs on his tablet that were not "genuine" or were of poor quality misses the point. The trial court did **not** grant summary judgment based on Grosso's failure to produce evidence concerning the nature or quality of the songs he purchased. Rather, the court concluded that Grosso offered no proof that GTL had misrepresented songs. Grosso points to no record evidence showing how GTL marketed songs for sale or why such marketing constituted a deceptive practice under the UTPCPL. **See** Pa.R.Civ.P. 1035.1 (defining the record for the purpose of summary judgment); **see also** Pa.R.Civ.P. 1035.3(a)(1) (noting that the non-moving party in a summary judgment proceeding must identify an issue of fact arising from evidence in the record); **Shellenberger**, 288 A.3d at 906 (noting that a non-moving party cannot rely on his

_____

Indeed, Grosso appears to have claimed there was no enforceable contract between him and GTL. **See** Memorandum of Law in Response to GTL's Motion for Summary Judgment, 8/28/24, at 7-8.

- 10 -

pleadings); *Salsberg v. Mann*, 310 A.3d 104, 131 n.21 (Pa. 2024) (same).[8]

Thus, Grosso's principal argument merits no relief.

As to his remaining arguments concerning the viability of his UTPCPL and UWOA claims, we conclude they are waived. Grosso again restates the allegations from his pleadings but does not develop meaningful appellate arguments with citation to relevant law and discussion of the record. *See* Pa.R.A.P. 2119(b)-(c); *Sephakis v. Pennsylvania State Police Bureau of Records & Identification*, 214 A.3d 680, 687 (Pa. Super. 2019) (finding an

---

[8] We acknowledge Grosso presented to the trial court a list of 189 songs he claims he purchased due to alleged misrepresentations by GTL. However, that list is not proper record evidence. *See* Pa.R.Civ.P. 1035.1 (defining the record for the purpose of summary judgment as including: (1) pleadings, (2) depositions, answers to interrogatories, admissions and affidavits; and (3) reports signed by an expert witness that would, if filed, comply with Rule 4003.5(a)(1), whether or not the reports have been produced in response to interrogatories). An affidavit is:

> [a] statement in writing of a fact or facts, signed by the person making it, that either (1) is sworn to or affirmed before an officer authorized by law to administer oaths, or before a particular officer or individual designated by law as one before who, it may be taken, and officially certified under seal of office, or (2) is unsworn and contains a statement that it is made subject to the penalties of 18 Pa.C.S.[A]. § 4904 relating to unsworn falsification to authorities.

Pa.R.Civ.P. 76; *see also Welsh v. Nat'l R.R. Passenger Corp.*, 154 A.3d 386, 391 (Pa. Super. 2017). Grosso's list was not sworn to or affirmed before an officer authorized to administer oaths, and did not contain a statement related to unsworn falsifications. There, the list does not constitute an affidavit or other record evidence to be considered in opposition to a motion for summary judgment. *See* Pa.R.Civ.P. 1035.1; *see also* Pa.R.Civ.P. 76; *Welsh*, 154 A.3d at 391.

issue waived where the appellant "present[ed] a two-paragraph 'argument' comprised of conclusory, self-serving statements with no citation to the record or legal authority, and no legal analysis"). [9]  Because this Court cannot act as

---

[9] Grosso's arguments on these points consist of the following:

> [GTL] clearly violate[d] the [UTPCPL] by falsely & fraudulently advertising & selling [Grosso] songs in which cases he was led to believe that he was purchasing a specific song & genuine version, but it was incorrect, of poor-quality & not actually what [GTL] portrayed it to be & deceptively selling [Grosso] songs under the guise that if there is an issue with a song, GTL will refund [Grosso] (in writing constituting "contract law" or in this case "breach of contract law["]), when in reality [GTL] refuses to issue a refund & [Grosso] is compelled to buy another version of the song & hope that it is right. [GTL's] deceptive & fraudulent business conduct resulted in [Grosso] being misled & falsely informed as to his purchases, and the GTL services & ultimately led to [GTL] "profiting" from these deceptions at the expense of [Grosso]. Finally, [GTL] has NO competitors in this media business with the Pennsylvania Department of Corrections & this is "why" they do what they do to all PA/DOC inmates statewide within our Commonwealth.

> [GTL] also clearly violated [the UWOA] by advertising their written policy (Exhibits "2 & 5", supra.) and [GTL] refused to reimburse appellant for incorrect, mislabeled and poor-quality songs & despite [GTL's] written warranty policy, [GTL] refuses to replace [Grosso's] defective power adaptor & refuses to remedy the problem of allowing [Grosso] to delete the 189 mislabeled/badly recorded songs [GTL] dumped on him. ***See[] Lenihan v Howe***, 674 A.2d 273 (Pa. Super. 1996)("Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of the agreement); ***Bouriez v Carnegie Mellon University***, 585 F.3d 765 (C.A. 3rd Cir. 2009)(Discussing "written agreements/contract law").

Grosso's Brief at 12 (some capitalization omitted).  We note the references to Exhibits 2 and 5 direct us to the "Friends and Family" information sheet and

*(Footnote Continued Next Page)*

- 12 -

Grosso's counsel and develop arguments on his behalf, we will not address his claims his UTPCPL and UWOA claims should have survived summary judgment. *See Coulter v. Ramsden*, 94 A.3d 1080, 1089 (Pa. Super. 2014).

Order affirmed.

President Judge Emeritus Ford Elliott joins this decision.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/7/2025

---

the FAQ sheet, respectively, without meaningful discussion of the contents of those sheets beyond Grosso's self-serving interpretations of the terms of those writings. *See id*. at 5, 7. Additionally, the citations to *Lenihan* and *Bouriez* are inapt because neither case addressed the UWOA, which, if applicable, would have required Grosso to produce a writing, *inter alia*, containing an express statement that the signer intended to be legally bound. *See* 33 P.S. § 6; *Nicholas*, 158 A.3d at 690-91.